John H. Judge, as Testamentary Trustee, etc., of Garrit Furman, Deceased, Respondent, *v.* Francis B. O'Connor, Individually and as Executor, etc., of Emeline O'Connor, Deceased, Appellant.

*Testamentary trust — mortgage by a beneficiary to the trustees — Statute of Limitations — the mortgage as part of the trust estate.*

By the terms of a testamentary trust, one of the testator's daughters became entitled to one-fourth of the income derived from the trust estate during her life, and at her death one-fourth of the principal was to go to her issue, if she left any, if not, it was to remain a part of the trust estate. The daughter executed a mortgage to the trustees upon, and to secure the purchase price of, real estate purchased by her. The interest on this mortgage was adjusted by offsetting it against the fourth part of the income of the trust estate payable to the daughter, and was, with her consent, indorsed on the bond as paid.

An action having been brought by the testamentary trustee to foreclose this mortgage, the defenses of the Statute of Limitations and that the bond and mortgage had been set apart as a portion of the trust estate belonging to the daughter were interposed.

*Held,* that the payments of interest in the manner above described prevented the Statute of Limitations from being a bar ;

That as under the terms of the trust the testator's daughter was not, in any event, to become entitled to a share of the principal, the trustees could not, by any act of theirs, even with the daughter's consent, vest her with the legal or equitable title to any part of the trust estate;

That moreover there was no evidence that the trustees ever attempted to set apart the bond and mortgage as part of her one-fourth interest in the estate ; and, hence, that the claim in reference thereto constituted no defense to the action.

Appeal by the defendant, Francis B. O'Connor, individually and as executor, etc., of Emeline O'Connor, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 9th day of August, 1888, upon the report of a referee, in an action brought to foreclose a mortgage.

*Flamen B. Candler,* for the appellant.

*Edward C. Perkins,* for the respondent.

Per Curiam:

June 6, 1848, Garrit Furman died, leaving a will and testament, which was probated July 6, 1848. By this will he appointed four

persons as executors and trustees, to whom letters testamentary were issued. By the eleventh subdivision of the will the testator devised and bequeathed the remainder of his estate to his executors and trustees, in trust, to pay out of the income arising therefrom $500 annually to his widow, and one-fourth of the remainder of the income to each of his four daughters, payable in half-yearly install-ments during each of their natural lives. It was further provided that in case a daughter should die the executors and trustees should pay over to the issue of the daughter so dying the one-fourth part of the trust fund; but in case any daughter should die without issue that the whole trust estate should be held for the benefit of the sur-viving daughters, and at their death should go to their issue. The remainder of the testator's estate was set apart and held by the trus-tees as directed. The widow died January 14, 1867, when the four daughters became entitled to the whole of the income. Emeline, one of the daughters, was the wife of Francis B. O'Connor. On the 1st day of April, 1857, she purchased No. 25 Monroe street in this city, and for the purpose of securing the payment of $5,000 of the purchase price mortgaged the premises to the trustees under her father's will as collateral to a bond executed by her husband to said trustees, by which he bound himself to pay said sum of $5,000 on the 1st day of April, 1860, with semi-annual interest at the rate of seven per cent. Thereafter, and until September 1, 1873, the interest was paid by offsetting it against the fourth part of the income from the trust estate payable to Emeline O'Connor. During these years the interest was adjusted in this way and was indorsed on the bond as paid, with the assent of herself and of her husband. In August, 1867, the survivor of said trustees held in his hands $31,350 belonging to the trust estate; but between that date and October 23, 1885, he wasted a large part of the estate, and on the date last mentioned he was removed, and the plaintiff in this action was appointed as testamentary trustee in his stead. At that time the estate had been reduced to $9,500, secured by three mortgages, one of which was the mortgage in suit.

On the 6th of March, 1886, this action was begun against Francis B. and Emeline O'Connor, who interposed two defenses: (1) The Statute of Limitations; (2) that the bond and mortgage had been

set apart as a portion of the trust estate belonging to Emeline O'Connor. The referee found as a fact, on the evidence of the two defendants, which was not disputed, that the interest had been paid by both of them in the way heretofore described, up to September 1, 1873, which was less than fourteen years before this action was begun.

It is plain that the Statute of Limitations has not applied as a bar to this action.

Under the trust, the validity of which never has been, and is not now questioned, Emeline O'Connor was not to become entitled to one-fourth of the principal, but was entitled only to one-fourth of the income derived from the whole trust estate during life, and at her death one-fourth of the principal was to go to her issue, if she left any, if not, it remained a part of the trust estate, as hereinafter stated.

Under such circumstances, the trustees could not by any act of theirs, even with the consent of Mrs. O'Connor, vest her with the legal or equitable title to any part of the trust estate. Besides, there is no evidence in the record that they, or any of them, ever attempted to set apart the bond and mortgage as part of her one-fourth interest in said trust estate. Since the judgment was entered in this action, Mrs. O'Connor has died, leaving several children.

It is clear, we think, that these facts constitute no defense to this action, and that the plaintiff is entitled to collect this mortgage as part of the assets of the trust estate, for the purposes of administration, and for distribution of the principal among the issue of such of the daughters as have died, or shall die, leaving issue.

The judgment should be affirmed, with costs.

Present — Van Brunt, P. J., Follett and Parker, JJ.

Judgment affirmed, with costs.